What was said in Westcott Chuck Co. v. Oneida Natl. Chuck Co., 122 App. Div. 260, 106 N. Y. Supp. 1016, is equally applicable to the present case:

"As to the method of stamping, it is somewhat difficult to see how, with the plaintiff's name stamped upon its product, and the defendant's name stamped upon the product sold by it, any confusion as to the source or origin of the respective products could arise in the mind of any purchaser who cared to inform himself as to that question. These chucks are used almost exclusively by machinists who have technical knowledge, and who look to the construction of the chuck rather than to its form or any particular marks thereupon. Such customers are much less likely to be misled by form than in ordinary cases where articles are purchased by those who buy for no mechanical purpose, or who have no special knowledge to enable them to discriminate between articles made by different makers."

In the Singer Case, and in Ludlow Valve Mfg. Co. v. Pittsburgh Mfg. Co. (U. S. Cir. Ct. App., decided November 1908) 166 Fed. 26, the defendants were permitted to manufacture and sell copies of the complainant's machines, provided the articles sold were so marked as to plainly and unmistakably indicate that they were made by the defendants. The injectors sold by appellants are so marked, and I do not understand that they are objected to on this score. I think, however, that the catalogue of separate parts going to make up the "Monitor" injector, as used and issued by appellant, does furnish, in the form in which it is printed, an instance of unfair competition, and was properly enjoined. In other respects I think that the judgment cannot be sustained, and should be reversed and a new trial granted.

LAUGHLIN, J., concurs.

---

NATHAN MFG. CO. v. EDNA SMELTING & REFINING CO. et al.

(Supreme Court, Appellate Division, First Department.   February 11, 1909.)

1. JUDGMENT (§ 319*)—MOTION TO STRIKE OUT PART.

Where a defendant was not served with process, and expressly disclaims that it appeared in the action, though admitting it aided its codefendant, it is proper practice for it to move to strike out a clause of the judgment affecting it, on the ground of want of jurisdiction, as it cannot appeal from the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 614; Dec. Dig. § 319.*]

2. APPEARANCE (§ 8*)—SUBMISSION TO JURISDICTION.

A defendant not served with process, and expressly disavowing a voluntary appearance, did not so submit itself to the jurisdiction of the court as to be bound to the plaintiff by the judgment, by indemnifying, and conducting the defense in behalf of its codefendant.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 23; Dec. Dig. § 8.*]

3. JUDGMENT (§ 317*)—RIGHT TO HAVE UNAUTHORIZED PART ELIMINATED.

A defendant which was not served with process and did not submit itself to the jurisdiction of the court is entitled to have eliminated from the judgment a clause affecting it, because it was unauthorized, though it have no binding effect on it, and this independent of any question of what

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

effect its acts in conducting the defense for its codefendant may have on any future litigation between it and plaintiff.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 621; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Action by the Nathan Manufacturing Company against the Edna Smelting & Refining Company and another. From an order denying the motion of said defendant company to strike out certain parts of the judgment, it appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and HOUGHTON, JJ.

David Leventritt, for appellant.
Samuel Untermyer, for respondent.

HOUGHTON, J. Plaintiff brought action against the appellant Edna Smelting & Refining Company, and the H. A. Rogers Company, its agent, to restrain them from infringing the plaintiff's trade-mark and from carrying on unfair competition. The Rogers Company was served with process and answered, but the Edna Smelting & Refining Company was not served with process. The trial proceeded without such service, and during its progress the plaintiff elicited the fact that the Edna Company had indemnified the Rogers Company against the consequences of the litigation, and had employed counsel, who appeared for the purpose of trying the cause in behalf of the Rogers Company. The plaintiff obtained judgment restraining the Rogers Company from continuing the acts complained of, to which was added a provision founded upon a finding of fact to the effect that the Edna Smelting & Refining Company, this appellant, although not served with process, openly and avowedly assumed and conducted the defense in behalf of the Rogers Company, and defended the action at its own expense, by its own counsel, who tried the cause, having indemnified the Rogers Company against the consequence of the litigation, and hence was bound by the judgment to the same extent as if it were a party upon the record. Thereupon the Edna Smelting & Refining Company made a motion to strike from the judgment this clause affecting itself, which motion was denied, and from the order entered thereon this appeal is taken.

The appellant, not having been served with process, and expressly disclaiming that it appeared in the action otherwise than was disclosed, could not appeal from the judgment, and it was proper practice for it to make a motion to strike out the clause affecting it. The situation is similar to that in which a judgment is rendered upon an unauthorized appearance for a party by an attorney. Relief from a judgment rendered against a party upon the unauthorized appearance of an attorney in his name may be sought by motion in the action in which the unauthorized appearance was entered. Vilas v. P. & M. R. R. Co., 123 N. Y. 440, 25 N. E. 941, 9 L. R. A. 844, 20 Am. St. Rep. 771.

We are of opinion the motion should have been granted. The question is not whether, as between the Rogers Company and the Edna

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Company, the Edna Company would be bound by the judgment. Nor is it a question as to whether or not in some future litigation the Edna Company may be bound as to the plaintiff. The only question is whether the Edna Company so submitted itself to the jurisdiction of the court as to be bound to the plaintiff by the present judgment in the present action.

Process had not been served upon the Edna Company, and it expressly disavowed a voluntary appearance, but admitted that it was aiding the Rogers Company, its nominal codefendant. Of course, a party may so voluntarily submit himself to the jurisdiction of the court as to be bound by a judgment, but in order to do so there must be an actual submission, and it is not sufficient that he manages or controls the case, or advises or aids his codefendant in the trial or on appeal, or employs counsel, or otherwise contributes to the expense. 23 Cyc. 1250. These things he has a right to do to save himself from the penalty of his indemnity. In such effort to escape liability to the defendant actually served, if he does nothing more, he does not submit himself to the jurisdiction of the court to such an extent that the court may give judgment against him.

Nor does it change the situation that he is named in the summons and not served. Under such circumstance he stands in the same position as though he had not been named.

What effect the acts of the Edna Company done by it in the present action may have upon any future litigation between the plaintiff and it is not before us and we do not determine. Nor is it any answer to the appellant's position to say that the provision in the judgment complained of has no binding effect upon the Edna Company. Whether it would be binding or not, the Edna Company has the right to have it eliminated because it was unauthorized.

The order must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.